1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

UNITED STATES OF AMERICA,                    Case No.  1:15-CR-0045 LJO-BAM

11                    Plaintiffs,              **ORDER FINDING CASE COMPLEX PURSUANT TO 18 U.S.C. §3161(h)(7)(B)(ii)**

12            v.

13   JYOTHESHNA KARAN, et al.,

14                    Defendants.

15   _____/

16

17        Each of the defendants in this matter orally moved on February 22, 2016 to deem this case

18   complex. The government joined in the request and made no objection.

19        Under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., a criminal defendant's trial must

20   begin within 70 days of the date the indictment was filed or the defendant's initial appearance,

21   whichever is later. 18 U.S.C. § 3161(c)(1). The statute, however, provides that certain periods of

22   time are excluded from the 70–day calculation. 18 U.S.C. § 3161(h). Among the time periods

23   excluded is:

24        Any period of delay resulting from a continuance granted by any judge on his own motion
          or at the request of the defendant or his counsel or at the request of the attorney for the
25        Government, if the judge granted the continuance on the basis of his findings that the ends
          of justice served by taking such action outweigh the best interest of the public and the
26        defendant in a speedy trial.

27   18 U.S.C. § 3161(h)(7)(A). The court must set forth in the record, either orally or in writing, its

28   reasons for finding that the ends of justice served by a continuance outweigh the interests in a

1    speedy trial. *Id.*

2          Section 3161(h)(7)(B) contains the factors a judge must consider in determining whether to

3    grant a continuance. Among the factors are whether the case is so unusual or complex that it

4    would be unreasonable to expect adequate preparation within the required time frame, and whether

5    the failure to grant a continuance would deny the defendant reasonable time to obtain counsel or

6    deny counsel for either party reasonable time necessary for effective preparation. 18 U.S.C. §

7    3161(h)(7)(B) (ii, iv).   A case may be declared complex under the Speedy Trial Act if certain

8    factors are met.   The factors of complexity of a case are number of defendants, nature of the

9    prosecution, or novel questions of fact or law preclude adequate preparation within the time limits.

10   18 U.S.C. §3161(h)(7)(B)(ii).

11         Having considered the factors, the Court finds that this case satisfies the requirements of

12   18 U.S.C. §3161(h)(7)(B)(ii).   Here, seven defendants are charged with fraudulent financial

13   transactions dating from 2006.   These financial transactions require the production of voluminous

14   discovery dealing with complicated financial information.   Voluminous discovery, involving over

15   2 terabytes of data, has been identified by the government and will need to be produced to and

16   evaluated by defense counsel.   The volume of the data requires unique technological expertise to

17   index, sort, and manipulate the data in a manner useable by defendant counsel. Based on these

18   factors, the Court finds it is unreasonable to expect adequate preparation for trial within the

19   remaining speedy trial time limit in this matter, and concludes that the ends of justice are served

20   by declaring this case complex under 18 U.S.C. § 3161(h)(7)(B)(ii).

21                                        **ORDER**

22         Accordingly, this Court finds that this case is DEEMED COMPLEX pursuant to 18 U.S.C.

23   §3161(h)(7)(B)(ii).

24   IT IS SO ORDERED.

25   Dated:   **February 22, 2016**          /s/ *Barbara A. McAuliffe*

26                                    UNITED STATES MAGISTRATE JUDGE

27

28