# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:15-cr-00045-JLT-BAM |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR BAIL REVIEW |
| v. | (ECF No. 298) |
| JYOTESHNA KARAN, | |
| Defendant. | |

On May 20, 2024, Defendant Jyoteshna Karan ("Defendant") filed a motion for bail review. (ECF No. 298.) Therein, Defendant requests an order modifying conditions of release to allow travel to New Zealand to attend her mother's funeral.[1] (Id. at 2.) On May 21, 2024, the Government filed an opposition to Defendant's motion. (ECF No. 300.)

On May 22, 2024, the Court held a bail review hearing. Defendant appeared with counsel Mark Coleman. Counsel Henry Carbajal appeared on behalf of the Government. Having considered the moving papers and the arguments presented at the hearing, the Court shall deny Defendant's motion for bail review.

On July 29, 2019, almost five years ago, Defendant entered a guilty plea to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344. (ECF No. 218.) Hence, the standard in a

---

[1] On May 20, 2024, Defendant Praveen Singh filed a joinder in Defendant Karan's request. (ECF No. 299.) However, at the hearing held on May 22, 2024, Defendant Singh, who appeared in person, withdrew his joinder. Notably, Defendant Singh is

1

post-conviction status is that the defendant is detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger. 18 U.S.C. § 3143.

Sentencing in this matter has been continued for over three years. The most recent continuance was Defendant's request in February 2024 for a five-month continuance for medical treatment for recurring migraine headaches that prevent her from attending and participating in the evidentiary hearing and sentencing. (ECF No. 294). The Court notes Defendant argued that her condition precluded her from being able to assist counsel, in part, because preparation <u>required traveling to and from Fresno</u> to meet with counsel. (<u>Id.</u> at 2.) (<u>Emphasis added</u>.). The District Judge granted Defendant's request and continued the sentencing to July 30, 2024. (ECF No. 297.) Defendant's current motion requests that she be allowed to travel by plane from the United States to New Zealand just two months prior to sentencing. Given Defendant's February 2024 motion, the Court is extremely leery of Defendant's contention that she can make an international flight of long duration at high altitude but is unable to currently sit in court to attend a sentencing hearing.

Irrespective of the inconsistency, Defendant is facing imprisonment after pleading guilty to bank fraud. While the Court appreciates the Defendant's desire to attend her mother's funeral, she fails to meet the clear and convincing evidence standard required by section 3143. The Court finds that allowing Plaintiff to travel to New Zealand, where she indisputably has family ties, two months prior to her sentencing hearing would create an unnecessary risk of flight at this stage in the proceedings.[2] Therefore, for the reasons stated herein and on the record at the hearing held in this matter, the Court shall deny Defendant's travel request.

---

[2] The Court notes that the Defendant's partner—and co-defendant—originally joined in the instant motion. The Government argued in its opposition that granting the instant motion would mean Defendant would be taking her entire family, including a co-defendant, outside of the jurisdiction of the Court approximately 60 days before the sentencing hearing. As previously mentioned, co-Defendant Singh withdrew his joinder at the hearing. However, the fact that the Defendant is willing to forgo travel with her partner and children as an alternative does not change the Court's analysis. It is the original request by defendant and joinder by her co-defendant which carries more weight to the Court's analysis than the subsequent change in position after the opposition was filed.

Accordingly, Defendant's motion for bail review and modification of her conditions of release to allow travel to New Zealand is DENIED. The Defendant remains released on the prior conditions.

IT IS SO ORDERED.

Dated:   **May 23, 2024**

UNITED STATES MAGISTRATE JUDGE